■ ANTHONY CELARDO, Respondent, v CLARENCE BELL, JR., Defendant and Third-Party Plaintiff-Appellant. NEW YORK FINANCIAL AND MORTGAGE CO., INC., Third-Party Defendant-Respondent. [635 NYS2d 85] —In an action to foreclose a mortgage, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated September 9, 1993, which granted the plaintiff's motion for

summary judgment and the third-party defendant's cross motion to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion and the cross motion are denied.

It is axiomatic that summary judgment is a drastic remedy which should only be granted if it is clear that no material issues of fact have been presented. Issue finding, rather than issue determination, is the court's function (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395). If there is any doubt about the existence of a triable issue of fact or if a material issue of fact is arguable, summary judgment should be denied (*Museums at Stony Brook v Village of Patchogue Fire Dept.*, 146 AD2d 572), particularly in a case such as this one (*see, Community Natl. Bank & Trust Co. v McClammy*, 138 AD2d 339).

The deposition testimony of the elderly mortgagor, who died during the pendency of this action, raises triable issues about the circumstances surrounding the execution of the mortgage. It is uncontroverted that the mortgage was arranged by a third party who has since been convicted of defrauding the mortgagor of the proceeds of the mortgage. Other than the testimony of the mortgagor, the record is silent concerning the actions of the representatives of the third-party defendant in connection with this most unusual mortgage application. The record is also silent concerning the assignment of the mortgage to the plaintiff and the relationship, if any, between the plaintiff and the third-party defendant. We note that the plaintiff and the third-party defendant have been represented by the same attorneys before both the Supreme Court and this Court, thus suggesting that their relationship may be other than armslength. In light of the obvious fraud perpetrated in this case, the testimony that the third-party defendant allegedly tendered blank papers to be signed by the elderly mortgagor (who was to pay interest at 19%, clearly a *very* high rate), and the absence of evidence concerning the circumstances surrounding the assignment of the mortgage, all of which may still be explored at examinations before trial, the Supreme Court improperly granted summary judgment to the plaintiff and dismissed the third-party complaint. Bracken, J. P., Sullivan, Miller and Florio, JJ., concur.