■ CAPSTONE BUSINESS CREDIT, LLC, Plaintiff/Third-Party Defendant-Appellant, v IMPERIA FAMILY REALTY, LLC, et al., Respondents, and ENIO IMPERIA, Defendant/Third-Party Plaintiff-Respondent, et al., Third-Party Defendants. [895 NYS2d 199]—

In a consolidated action to foreclose a mortgage, and for a judgment declaring the rights and obligations of the parties to an "inter-creditor agreement" dated March 15, 2005, the plaintiff/third-party defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered October 15, 2008, as denied those branches of its motion which were for summary judgment on the complaint to foreclose the subject mortgage and dismissing the seventh cause of action in the third-party complaint insofar as asserted against it, and (2) so much of an order of the same court entered February 10, 2009, as, upon reargument, adhered to the original determination in the order entered October 15, 2008 denying that branch of its motion which was for summary judgment on the complaint to foreclose the subject mortgage, granted the defendant/third-party plaintiff's cross motion for leave to reargue his opposition to that branch of the motion of the plaintiff/third-party defendant which was for summary judgment, in effect, dismissing so much of the eleventh cause of action in the third-party complaint as sought a judgment declaring that the subject mortgage is null and void, which had been granted in the order entered October 15, 2008, and, upon reargument, vacated that portion of the order entered October 15, 2008, and denied that branch of its motion.

Ordered that the appeal from so much of the order entered October 15, 2008, as denied that branch of the motion of the plaintiff/third-party defendant which was for summary judgment on the complaint to foreclose the subject mortgage is dismissed, as that portion of the order was superseded by the

order entered February 10, 2009, made upon reargument; and it is further,

Ordered that the order entered October 15, 2008, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the plaintiff/third-party defendant which was for summary judgment dismissing so much of the seventh cause of action in the third-party complaint which was to recover damages on behalf of Imperia Brothers, Inc., for the alleged waste of its corporate assets, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered October 15, 2008, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered February 10, 2009, is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof which, upon reargument, adhered to the original determination in the order entered October 15, 2008, denying that branch of the plaintiff/third-party defendant's motion which was for summary judgment on the complaint to foreclose the subject mortgage, and substituting therefor a provision, upon reargument, vacating that portion of the order dated October 15, 2008, and granting that branch of the motion for summary judgment, and (2) by deleting the provision thereof granting the cross motion of the defendant/third-party plaintiff for leave to reargue his opposition to that branch of the plaintiff/third-party defendant's motion which was for summary judgment, in effect, dismissing so much of the eleventh cause of action in the third-party complaint as sought a judgment declaring that the subject mortgage is null and void, and substituting therefor a provision denying the cross motion; as so modified, the order entered February 10, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff third-party defendant.

In order to establish prima facie entitlement to summary judgment in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of default (*see U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711, 712 [2008]; *Hoffman v Kraus*, 260 AD2d 435, 436 [1999]). The burden then shifts to the defendant to demonstrate "the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (*Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183 [1982]).

The plaintiff/third-party defendant, Capstone Business Credit, LLC (hereinafter Capstone), the assignee of the first mortgage executed by the defendant Imperia Family Realty, LLC, established, prima facie, its entitlement to judgment as a matter of law (*see EMC Mtge. Corp. v Riverdale Assoc.*, 291 AD2d 370 [2002]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *State of New York Mtge. Agency v Lang*, 250 AD2d 595, 595-596 [1998]). Accordingly, the Supreme Court should have granted that branch of Capstone's motion which was for summary judgment on the complaint in the foreclosure action.

In addition, the Supreme Court should have granted that branch of Capstone's motion which was for summary judgment dismissing so much of the seventh cause of action in the third party complaint which was to recover damages on behalf of Imperia Brothers, Inc., for the alleged waste of its corporate assets. In response to its prima facie showing that the defendant/third-party plaintiff sold his interest in that entity prior to interposing that cause of action, and thus had no standing to pursue it (*cf. Artigas v Renewal Arts Realty Corp.*, 22 AD3d 327, 328 [2005]), the defendant/third-party plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court improvidently exercised its discretion in granting that branch of the defendant/third-party plaintiff's cross motion which was for leave to reargue his opposition to that branch of Capstone's motion which was for summary judgment, in effect, dismissing so much of the eleventh cause of action in the third-party complaint as sought a judgment declaring that its first mortgage is null and void, which had been granted in the order entered October 15, 2008. The Supreme Court did not overlook or misapprehend the facts or law, or mistakenly arrive at its earlier decision (*see Everhart v County of Nassau*, 65 AD3d 1277, 1278 [2009]; *Matter of Williams v Board of Educ. of City School Dist. of City of N.Y.*, 24 AD3d 458, 459 [2005]; *Daluise v Sottile*, 15 AD3d 609, 609 [2005]).

Capstone's remaining contentions are without merit. Covello, J.P., Santucci, Miller and Eng, JJ., concur.