OPINION OF THE COURT
Francois A. Rivera, J.
By notice of motion filed November 12, 2009, under motion sequence No. 6, plaintiff Aron Fried moves against defendants Philip, Edith and Rennie Tucker (the Tucker defendants) for (1) an order pursuant to CPLR 3212 granting plaintiff summary judgment on his action to foreclose on a certain property (the subject premises), (2) an order pursuant to CPLR 3211 (b) dismissing the Tucker defendants’ affirmative defenses and counterclaims, and (3) an order appointing a referee.
Background
On March 19, 2008, plaintiff filed a summons and complaint seeking to recover the principal amount due on a note plus the balance of interest due as well as to foreclose on the mortgaged premises located at 3737 Cypress Avenue, Brooklyn, New York (the premises). The Tucker defendants interposed an answer on or about May 30, 2008.
On August 20, 2008, plaintiff filed a motion under motion sequence No. 1 seeking among other things summary judgment in his favor pursuant to CPLR 3212 and for an order dismissing the Tucker defendants’ 12 affirmative defenses pursuant to CPLR 3211 (b).
By decision and order of this court dated November 12, 2008, plaintiff’s motion for summary judgment was denied and plaintiffs motion to dismiss the Tucker defendants’ affirmative defenses was granted in part dismissing all but the ninth affirmative defense. The ninth affirmative defense alleges that plaintiff is estopped from enforcing the subject mortgage, based upon plaintiffs breach of an alleged promise that a conventional loan would be available.
By notice of motion filed on July 29, 2009, under motion sequence No. 5, the Tucker defendants moved for an order seeking leave to serve an amended answer and seeking leave to reargue their opposition to that part of plaintiff’s motion *873 sequence No. 1 which sought dismissal of all the Tucker defendants’ affirmative defenses.
By decision and order of this court dated September 14, 2009, the Tucker defendants’ motion for leave to reargue their opposition to motion sequence No. 1 was denied and their motion for leave to serve an amended answer was granted. The Tucker defendants served plaintiff with an amended answer with counterclaims dated April 17, 2009. Plaintiff joined issue with his reply dated November 3, 2009.
Motion Papers
Plaintiffs motion papers consist of a notice of motion, his affidavit, an affirmation of his counsel and 10 annexed exhibits labeled A through J. Exhibit A is a copy of what appears to be the first page of note by which Philip Tucker and Edith Tucker promised to pay $300,000 to plaintiff. Exhibit B is a copy of the mortgage. Exhibit C is a copy of a metes and bounds description of the property. Exhibit D is a copy of the summons and complaint. Exhibit E is a set of copies of affidavits of service of the summons and complaint. Exhibit F is a verified answer of the Tucker defendants. Exhibit G is a copy of this court’s decision and order on motion sequence No. 1. Exhibit H is a copy of this court’s decision and order on motion sequence No. 5. Exhibit I is a copy of the amended verified answer of the Tucker defendants. Exhibit J is plaintiffs reply to the counterclaims asserted by the Tucker defendants.
The Tucker defendants’ opposition papers consist of an attorney’s affirmation and three annexed exhibits labeled A through C. Exhibit A is a set of copies of two affidavits which were each previously submitted to this court in support of motion papers. Exhibit B includes a series of documents purportedly issued by the Department of Buildings in addition to what appears to be a contract proposal for work to be done at the subject premises. Exhibit C is a printout from the Internet which purports to indicate the interest rates on Treasury bills over the course of several weeks immediately preceding the date of the loan by plaintiff to defendants Edith and Philip Tucker.
Plaintiff has replied with an attorney’s affirmation and two annexed exhibits labeled A and B. Exhibit A of plaintiffs reply is a copy of plaintiffs various discovery demands. Exhibit B is a copy of defendants’ attorney’s affirmation in opposition to the prior summary judgment motion under motion sequence No. 1.
*874 Law and Application
A motion for summary judgment may be granted only when there is no doubt as to the absence of any triable issue of material fact (Kolivas v Kirchoff, 14 AD3d 493 [2d Dept 2005]). “Issue finding, rather than issue determination is the court’s function. If there is any doubt about the existence of a triable issue of fact, or a material issue of fact is arguable, summary judgment should be denied” (Celardo v Bell, 222 AD2d 547, 548 [2d Dept 1995] [citations omitted]). A party moving for summary-judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d 676 [2d Dept 2009]). Once the movant has met this burden, the burden then shifts to the party opposing the motion to demonstrate via admissible evidence the existence of a factual issue requiring a trial of the action CAlvarez v Prospect Hosp., supra; Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).
In a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of default (see Capstone Bus. Credit, LLC v Imperia Family Realty, LLC, 70 AD3d 882, 883 [2d Dept 2010], citing Hoffman v Kraus, 260 AD2d 435 [2d Dept 1999]). The burden then shifts to the defendant to demonstrate “the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff.” (Id.)
There is no dispute that on October 3, 2006, defendants Philip and Edith Tucker executed and delivered to plaintiff mortgagee a mortgage on the subject premises and a note whereby defendants agreed to pay a principal amount of $300,000 plus 14% interest per year due on October 2, 2007. In the instant motion, plaintiff has submitted a mortgage, an unpaid note, and a sworn affidavit by plaintiff which constitutes evidence of default. The note states, in pertinent part, “Total outstanding principal balance and any outstanding interest shall be due on October 2, 2007.” The mortgage as well as the note is signed by Edith and Philip Tucker. Neither the mortgage nor the note is signed by Rennie Tucker. Consequently, plaintiff has made a prima facie showing of entitlement to summary judgment against Philip and Edith Tucker but has not made such a showing against Rennie Tucker. Therefore, plaintiffs motion for summary judg *875 ment on his foreclosure action against Rennie Tucker must be denied.
By way of their attorney’s affirmation in opposition, defendants argue that the instant motion for summary judgment should be denied because a substantially similar motion for summary judgment was earlier made.
“It is rare that more than one summary judgment motion should be made in a case, but there is no stated restriction in CPLR § 3212 . . . One situation in which the courts allow a second motion for summary judgment is where a ‘new, as yet untested defense is permitted to be added by amendment’ ” (David D. Siegel, NY Prac § 279 [4th ed]).
Such a situation is before this court as defendants were granted leave to amend their answer subsequent to the order denying the last motion for summary judgment and in their amended answer the Tucker defendants included a new defense.
The Tucker defendants’ amended answer sets forth 18 affirmative defenses. The fourteenth through and including the eighteenth affirmative defenses are also labeled as the first through fifth counterclaims. An examination and comparison of the Tucker defendants’ original answer with their amended answer reveals the following: The first 12 affirmative defenses in the original answer are repeated in the amended answer. In the amended answer the Tucker defendants state that the second, third and fourth affirmative defenses are withdrawn or waived. In the amended answer, the Tucker defendants labeled the first through and including the fourth counterclaims in the original answer as the first through fourth counterclaims in the amended answer. However, in the amended answer, the Tucker defendants also label these four counterclaims as affirmative defenses 14 through 17. The amended answer also contains a new fifth counterclaim, alleging collusion, which is also labeled as the eighteenth affirmative defense.
The new affirmative defenses in the amended answer are the thirteenth through eighteenth affirmative defenses. Therefore, the Tucker defendants’ amended answer restates all of the affirmative defenses that were already dismissed, keeps the ninth affirmative defense which survived dismissal, and adds six new affirmative defenses and a new counterclaim.
By decision and order of this court dated November 12, 2008, plaintiff’s motion for summary judgment was denied and plaintiffs motion to dismiss the Tucker defendants’ affirmative *876 defenses was granted in part dismissing all but the ninth affirmative defense. By decision and order of this court dated September 14, 2009, the Tucker defendants’ motion for leave to reargue their opposition to motion sequence No. 1 was denied and their motion for leave to serve an amended answer was granted.
The granting of leave to defendants on motion sequence No. 5 to amend their answer did not breathe life into the 11 affirmative defenses contained within their initial answer which were already dismissed by this court’s decision and order of November 12, 2008. Their reappearance in the Tucker defendants’ amended answer does not negate their status as nullities.
The Court of Appeals, in People v Evans (94 NY2d 499, 502 [2000]), outlined the “law of the case” doctrine as follows:
“The law of the case doctrine is part of a larger family of kindred concepts, which includes res judicata (claim preclusion) and collateral estoppel (issue preclusion). These doctrines, broadly speaking, are designed to limit relitigation of issues. Like claim preclusion and issue preclusion, preclusion under the law of the case contemplates that the parties had a ‘full and fair’ opportunity to litigate the initial determination.” (Footnote omitted.)
As plaintiff and defendants had a full and fair opportunity to litigate the merits of the Tucker defendants’ first 12 affirmative defenses in prior motion practice, this court deems the November 12, 2008 order dismissing 11 of them and upholding one (the ninth) to be law of the case.
The ninth affirmative defense, supported by an affidavit of defendant Edith Tucker dated September 9, 2008, raised a triable issue of fact as to whether plaintiff made a clear and unambiguous promise upon which defendants reasonably relied to their detriment by mortgaging the premises to plaintiff. This was the basis upon which plaintiffs prior summary judgment motion was denied. In order for plaintiff to succeed on his instant motion for summary judgment, plaintiff must present with new evidence beyond what he presented to the court on his last motion to defeat the issue of fact raised by the ninth affirmative defense. Plaintiff has come forth with no new evidence. Thus, the triable issue of fact raised by the ninth affirmative defense remains and plaintiffs latest motion for summary judgment must be denied.
Plaintiff contends in the ninth paragraph of his reply that the photocopies of the affidavits of Edith Tucker dated September *877 9, 2008 and July 19, 2009 are not in admissible form because they are photocopies of the original documents which were already used in prior motion practice as supporting documents. Plaintiff would have the court find that no triable issue of fact can now be raised by the ninth affirmative defense because this evidence upon which the plaintiff contends the ninth affirmative defense stands is inadmissible.
The court is cognizant of no legal theory by which the fact that an affidavit was used as a supporting document in prior motion practice would diminish its evidentiary value if it were used again as a supporting document in later motion practice. Nor does plaintiff cite any law supporting this contention. The affidavits annexed to defendants’ attorney’s affirmation in opposition would clearly constitute evidentiary proof in admissible form if they were original documents, regardless of whether they were used in prior motion practice. In addition, the fact that they are photocopies does not necessarily indicate that they are inadmissible.
CPLR 4539 (b) requires that in order for a reproduction of a document, such as an affidavit, to be as admissible in evidence as the original, that reproduction must be authenticated. The July 19, 2009 affidavit of Edith Tucker clearly meets the requirements of CPLR 4539 (b) as it is a photocopy of an original and it is authenticated by defendants’ attorney who also notarized the document and thus has personal knowledge of its authenticity. The photocopy of the September 9, 2008 affidavit of Edith Tucker also clearly meets the requirements of CPLR 4539 (b) as it is authenticated by none other than plaintiffs attorney in paragraph 9 of his reply to defendants’ opposition to the instant motion. He informs the court, “The first affidavit was used in September, 2008, in opposition to plaintiffs first motion for summary judgment. The second affidavit was used in July, 2009, in support of her motion for renewal and re-argument.” Had plaintiff’s attorney not authenticated these photocopied affidavits himself, the court would nonetheless have taken judicial notice of their authenticity as the originals are on file with the clerk of this court.
CPLR 3211 (b) authorizes a plaintiff to move, at any time, to dismiss a defendant’s affirmative defense on the ground that it “has no merit” (Greco v Christoffersen, 70 AD3d 769, 771 [2d Dept 2010]). When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is “without merit as a matter of law” (see Vita v *878 New York Waste Servs., LLC, 34 AD3d 559, 559 [2d Dept 2006]). In reviewing a motion to dismiss an affirmative defense, this court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference (see Fireman’s Fund Ins. Co. v Farrell, 57 AD3d 721 [2d Dept 2008]).
As stated above, of the first 12 affirmative defenses contained in defendants’ amended answer, only the ninth had not been dismissed pursuant to the November 12, 2008 order of this court. Those numbered 1 through 8 and 10 through 12 remain dismissed as that order is law of the case.
Defendants’ thirteenth affirmative defense is “The payment obligation alleged in the complaint is based on a contract that is incapable of performance inasmuch as it requires that the property be kept in good repair and there is no property to be kept in good repair.” As plaintiff bears the burden on his CPLR 3211 (b) motion to dismiss this affirmative defense, plaintiff must demonstrate or explain how this affirmative defense is without merit as a matter of law. Although this thirteenth affirmative defense is pleaded in an unclear fashion, paragraph 21 of plaintiffs attorney’s affirmation in support of his motion, which purports to attack the merits of this thirteenth affirmative defense, is equally unclear. Paragraph 21 of plaintiffs attorney’s affirmation begins, “The thirteenth affirmative defense, entitled as ‘Impossibility of performance.’ ” The thirteenth affirmative defense is not entitled impossibility of performance. It is thus impossible for the court to even be certain what plaintiff is talking about when plaintiff identifies the thirteenth affirmative defense. Given that it is plaintiffs burden on his motion pursuant to CPLR 3211 (b) to demonstrate that the affirmative defense he attacks is without merit as a matter of law, and that in this instance plaintiff has not so much as made clear to this court that he knows what affirmative defense he is attacking, the court has no choice but to deny plaintiffs motion to dismiss the thirteenth affirmative defense.
The court must also deny plaintiffs motion to dismiss the Tucker defendants’ fourteenth through eighteenth affirmative defenses and their first through fifth counterclaims. Plaintiffs sole allegation made in support of dismissal of the above was the conclusory assertion that they are without merit. Plaintiff has not met his burden to dismiss or strike that part of defendants’ answer. .
As for plaintiffs motion for the appointment of a referee, it too must be denied. CPLR 2214 (a) mandates that a notice of *879 motion specify the relief demanded and the grounds therefor, i.e., the law upon which the movant relies. Plaintiff did not cite any rule of law which might have provided a basis for the appointment of a referee.
Finally, CPLR 3212 (e) explicitly authorizes the court to hold in abeyance any entry of summary judgment on a cause of action pending the determination of any remaining causes of action in the case, such as counterclaims or cross claims. The existence of defendants’ five counterclaims in the instant case would have given this court pause in entering an order granting summary judgment in favor of plaintiff on his cause of action prior to the determination of defendants’ counterclaims had plaintiff been successful on his instant summary judgment motion (see Rockefeller Group v Edwards & Hjorth, 164 AD2d 830 [1st Dept 1990]).
Plaintiffs motion for (1) an order granting plaintiff summary judgment on his action to foreclose on a certain property and for (2) an order dismissing the Tucker defendants’ affirmative defenses and counterclaims, and for (3) an order appointing a referee is denied in its entirety.
It is noted that the Tucker defendants’ affirmative defenses numbered 1 through 8 and 10 through 12 have previously been dismissed and remain dismissed as law of the case.