18-1771 (L)
*Gustavia Home, LLC v. Rutty*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
                    DENNY CHIN,
                    RICHARD J. SULLIVAN,
                            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GUSTAVIA HOME, LLC,
                    *Plaintiff-Appellee*,

                    v.                                                    18-1771 (L); 18-1772 (Con)

ROBERT R. RUTTY,
                    *Defendant-Appellant*,

JOHN DOE, 1 through 12, said persons or
parties having or claimed to have the right,
title or interest in the mortgaged premises
herein, their respective names are presently
unknown to Plaintiff,
                    *Defendants*,

SLF NEW YORK HOLDINGS, LLC, HAMPTON
PARTNERS LLC,

                    *Intervenors-Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:        Alan H. Weinreb, The Margolin & Weinreb
                                 Law Group, LLP, Syosset, New York.

FOR DEFENDANT-APPELLANT:     Robert R. Rutty, *pro se*, Wadsworth, Illinois.

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Robert R. Rutty, proceeding *pro se*, appeals from a

judgment entered June 7, 2018, ordering that his property be foreclosed pursuant to a

May 14, 2018 decision and order granting summary judgment in favor of plaintiff-

appellee Gustavia Home, LLC ("Gustavia") and a May 15, 2018 order denying as moot

his motion to cancel and expunge the deeds.   On appeal Rutty argues that the district

court erred in granting summary judgment in favor of Gustavia.   We assume the

parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2006, Rutty obtained a $134,000 loan from People's Choice Home Loan,

Inc. ("People's Choice") on a property he owned in New York City.   He then executed

and delivered a promissory note to People's Choice, its successors, and assigns.   Rutty

executed a mortgage granting Mortgage Electronic Registration Systems Inc. ("MERS"), as nominee for People's Choice, a second mortgage on the Property. MERS was given the right to foreclose on and sell the Property and to discharge the mortgage. People's Choice filed for bankruptcy in 2007 and was dissolved in 2008. Gustavia was assigned the mortgage in March 2016 and the note was transferred simultaneously. After Rutty failed to pay his mortgage, Gustavia brought this diversity action against Rutty to foreclose on the New York property.

Gustavia moved for summary judgment in December 2016. In support of its motion it provided an affidavit, also dated December 2016, from its managing member who attested that Gustavia was the owner and holder of the relevant note and mortgage and had been in physical possession of the note since November 2015. Rutty opposed the motion and the district court granted Gustavia summary judgment.

In his first appeal, Rutty argued, in relevant part, that Gustavia lacked standing to pursue the foreclosure action. He contended that the assignment of the mortgage to Gustavia was invalid because People's Choice had filed for bankruptcy; any assignment of its interest in the promissory note or mortgage would have required approval from the bankruptcy court; and Gustavia had provided no evidence in that regard. We vacated the district court's judgment and remanded for further proceedings, reasoning that it was "not apparent from the record whether [People's

3

Choice's] bankruptcy impacted the purported transfers of the debt." *Gustavia Home,*

*LLC v. Rutty*, 720 F. App'x 27, 29 (2d Cir. 2017) (summary order). We specified that we

did not hold that "Gustavia lacked standing as a matter of law, but simply that on this

record it is not clear, considering [People's Choice's] bankruptcy, that Gustavia has

standing." *Id*.

On remand, Gustavia produced an order from the bankruptcy court dated

April 19, 2007, authorizing People's Choice "to sell in one or more bulk sales in the

ordinary course of business, mortgage loans owned by the Debtors [(People's Choice)]."

Thereafter, Gustavia again moved for summary judgment, which the district court

granted. Rutty's appeal of that order is before us now.[1]

## I.    Applicable Law

We review a district court's grant of summary judgment de novo,

"resolv[ing] all ambiguities and draw[ing] all inferences against the moving party."

*Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam).

"Summary judgment is proper only when, construing the evidence in the light most

favorable to the non-movant, 'there is no genuine dispute as to any material fact and the

---

[1]    Additionally, although Rutty appealed the order denying his motion to cancel and expunge the deeds, he failed to raise any argument in his appeal brief concerning that issue. Consequently, he has waived any challenge to that order. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) ("[W]e . . . normally will not [] decide issues that a party fails to raise in his . . . appellate brief.").

4

movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

In a foreclosure action, under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the note, and the defendant's default. *See, e.g., Wells Fargo Bank, N.A. v. Walker*, 141 A.D.3d 986, 987 (3d Dep't 2016); *see also R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997). Where, as here, the defendant contests standing to foreclose, "the plaintiff must prove its standing as part of its prima facie showing." *JPMorgan Chase Nat'l Ass'n v. Weinberger*, 142 A.D.3d 643, 644 (2d Dep't 2016). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Id.* (internal quotation marks omitted). "[U]nless the parties agree that the transferor is to retain the mortgage," the transfer of the promissory note to the plaintiff before the action has commenced is sufficient to demonstrate standing because the mortgage passes incident to the note. *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361-62 (2015). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to demonstrate "the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff." *Capstone Bus. Credit, LLC v.*

5

*Imperia Family Realty, LLC*, 70 A.D.3d 882, 883 (2d Dep't 2010) (internal quotation marks omitted).

## II.    Application

Gustavia established its prima facie entitlement to summary judgment by attaching to its complaint the mortgage, the unpaid note, and evidence of Rutty's default. *See Walker*, 141 A.D.3d at 987. It also provided an affidavit demonstrating that it had possession of the note since November 2015, months before initiating the action. *See Aurora Loan Servs., LLC*, 25 N.Y.3d at 361-62. On remand, Gustavia provided the 2007 bankruptcy court order authorizing People's Choice to transfer the note prior to its dissolution in 2008. This order conclusively addressed Rutty's standing argument. As Gustavia provided evidence to support a prima facie entitlement to summary judgment, which was not countered by any evidence from Rutty to create "a triable issue of fact as to a bona fide defense to the action," Gustavia was properly awarded summary judgment. *Capstone Bus. Credit, LLC*, 70 A.D.3d at 883.

Rutty's principal arguments on appeal -- that Gustavia lacked standing because it did not state where the note was stored between 2007 and 2015 and did not provide evidence that it physically received the note -- are meritless. Gustavia was not required to prove where the note was located between 2007 and 2015 because it

6

provided an affidavit stating that it had physical possession of the note since November 2015, prior to initiating the foreclosure action.   *See U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754 (2d Dep't 2007) ("[P]hysical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.").   Further, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it."   *Weinberger*, 142 A.D.3d at 645 (citing UCC 3-204[2]).

\* \* \*

We have considered Rutty's remaining arguments and conclude they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7