CIT Bank N.A. v. Conroy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

CIT BANK N.A.,

> *Plaintiff – Counter-Defendant – Appellee,*

> v.                                                          19-3022-cv

JAMES DONOVAN,

> *Defendant – Counter-Claimant – Appellant.*[1]

_____

| | |
|---|---|
| Appearing for Appellant: | James Donovan, pro se, Wading River, N.Y. |
| Appearing for Appellee: | Leah Edmunds, Hogan Lovells US LLP (Allison J. Schoenthal, Allison M. Funk, *on the brief*), New York, N.Y. |

---

[1] The Clerk of Court is directed to amend the case caption on the docket to the above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant James Donovan, proceeding pro se, appeals the district court's judgment of foreclosure and sale in favor of CIT Bank, N.A. ("CIT Bank," formerly OneWest Bank, N.A., and OneWest Bank, FSB)[2] in this diversity foreclosure case. The district court initially found that CIT Bank was precluded from asserting standing following a state-court decision that found that it lacked standing, but the district court reversed that decision and granted summary judgment to CIT Bank on reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Under New York law, a plaintiff in a foreclosure action establishes prima facie entitlement to summary judgment "by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (3d Dep't 2016); *accord R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997). Where, as here, the defendant contests standing to foreclose, "the plaintiff must prove its standing as part of its prima facie showing." *JPMorgan Chase Bank, N.A. v. Weinberger*, 37 N.Y.S.3d 286, 288 (2d Dep't 2016). If the plaintiff establishes a prima facie case, "[t]he burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff." *Capstone Bus. Credit, LLC v. Imperia Family Realty, LLC*, 895 N.Y.S.2d 199, 201 (2d Dep't 2010) (internal quotation marks omitted). Donovan argues that the district court erred in granting summary judgment to CIT Bank because CIT Bank (1) was precluded from asserting standing, (2) failed to establish standing in this action, and (3) failed to provide a pre-foreclosure notice required by state law and the terms of the parties' agreement.[3]

---

[2] The parties do not dispute that these three names refer to the same entity for the purposes of this action. We refer to the two predecessor entities collectively as "OneWest."

[3] Donovan has forfeited any challenge to the district court's dismissal of his counterclaims against CIT Bank by failing to address them in his appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

## I. Standing

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York issue preclusion (collateral estoppel) law to New York state-court judgments. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). "Under New York law, issue preclusion will apply only if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Id.* at 94 (alterations and internal quotation marks omitted).

Under New York law, standing is determined as of the date the action was commenced, and physical possession of a note on that date is sufficient to establish standing. *See HSBC Bank USA, N.A. v. Spitzer*, 18 N.Y.S.3d 67, 68 (2d Dep't 2015) ("A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced."); *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009) ("[T]he physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident."); *see also OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of OneWest's corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note."); *Weinberger*, 37 N.Y.S.3d at 288-89 (finding plaintiff had prima facie established standing by annexing the note to the complaint, thereby demonstrating physical possession of the note, and observing that "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it").

A state court granted summary judgment to Donovan in a prior foreclosure action in August 2013, finding that the there was no proof that the original note was in OneWest's physical possession at the August 2009 commencement of the state-court action and that OneWest had not provided proof of any alternative basis for standing. It did not decide—and could not have decided—the distinct question of whether the original note was in CIT Bank's physical possession in October 2014, when it initiated this federal foreclosure action. Accordingly, the district court properly found that the state-court decision did not preclude CIT Bank from asserting standing in this action. *Cf. U.S. Bank N.A. v. Friedman*, 109 N.Y.S.3d 88, 90 (2d Dep't 2019) (declining to apply doctrine of issue preclusion because "the defendants failed to demonstrate that the issue determined in the prior action, that the plaintiff did not have standing to commence that action because it failed to prove it had possession of the original endorsed note at the time that action was commenced, is identical to the issue to be determined here, which is whether the plaintiff had possession of the original endorsed note at the time this action was commenced").

Moreover, the district court properly found that the undisputed evidence in this case established CIT Bank's standing. The record included an affirmation from one of CIT Bank's attorneys stating that his firm was in physical possession of the original note on the date that the initial complaint was filed in this action. Donovan did not present evidence contradicting that

assertion. Instead, Donovan argues that the endorsement on the note by a representative of the loan originator must be forged because the representative stopped working for the loan originator in February 2009 and the copy of the note affixed to the state-court complaint in August 2009 did not include the endorsement. Even given this timeline, there is no basis in the record to conclude that the endorsement is forged: the endorsement is undated, there is no evidence showing when the copy affixed to the state-court complaint was created, and the undisputed evidence reflects that the representative retained signing authority after he stopped working for the loan originator.

## II.     Pre-Foreclosure Notice

Pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1304, at least 90 days prior to commencing legal action against a borrower of a home loan, a lender, assignee, or mortgage loan servicer must provide the borrower with notice stating, inter alia, that the loan is a certain number of days and dollars in default as of a certain date "Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 961 N.Y.S.2d 200, 202 (2d Dep't 2013) (alteration and internal quotation marks omitted); *see also Hudson City Sav. Bank v. DePasquale*, 977 N.Y.S.2d 895, 895 (2d Dep't 2014) (affirming denial of plaintiff's motion for summary judgment and grant of defendants' cross-motion for summary judgment where the undisputed evidence established that plaintiff's RPAPL § 1304 notice contained "a factual inaccuracy"). The note at issue in this case also required the note holder to provide the borrowers with certain notices prior to initiating a foreclosure proceeding.

Donovan concedes that CIT Bank sent him notice documents but argues that they were defective because they noted an incorrect default date. According to Donovan, under the terms of the note, (1) CIT Bank was required to apply a payment it treated as a principal-only prepayment on December 8, 2008 to his January 1, 2009 regular monthly payment because he did not direct CIT Bank in writing to treat it as a prepayment, and (2) CIT Bank thus should have treated the payment it treated as his January payment as his February payment—and, by extension, should have asserted a March 1, 2009 default date in its notices. But the terms of the note and the parties' October 2007 modification agreement did not require CIT Bank to apply premature payments to subsequent months rather than to the principal, and if a premature payment were treated as a prepayment, CIT Bank was not required to advance the date of the next monthly payment. The note states that a premature payment will not change the due dates of any monthly payments unless the note holder agrees in writing to do so. There is no evidence in the record of such a written agreement. The modification agreement states that a premature payment does not excuse the borrower from making subsequent monthly payments as scheduled. Accordingly, CIT Bank did not err in sending notice documents premised on a February 2009 default date.

4

    We have considered the remainder of Donovan's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court