Masseroli v Gatfield (2024 NY Slip Op 24168)

[*1]

Masseroli v Gatfield

2024 NY Slip Op 24168

Decided on June 12, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 12, 2024
Supreme Court, Westchester County

Mario Masseroli, Plaintiff,

against
Barbara J. Gatfield, Defendants.

Index No. 60722/2022

Attorney for Plaintiff: 
Steven E. Waldinger, Esq.
Gettinger Waldinger & Monteleone, LLP 
118 North Bedford Road
Mount Kisco, NY 10549
(914) 666-8033
Attorney for Defendant Barbara J. Gatfield:
Michael Fahey, Esq. 
Bartels & Feureisen, LLP
2 Depot Plaza, Suite 303
Bedford Hills, NY 10507
(914) 681-7175

William J. Giacomo, J.

The nature of this action is to recover damages for defendant Barbara J. Gatfield's alleged failure to return plaintiff Mario Masseroli's security deposit in the amount of $12,950.00 in accordance with the provisions of General Obligations Law § 7-108 (1-a) (c) - (e). Plaintiff moves pursuant to CPLR 3212 for an order: a) granting him judgment on his Complaint; b) awarding him a money judgment against defendant (i) in the amount of $12,950.00 plus interest from April 13, 2022, and (ii) awarding him punitive damages in the amount of $25,900.00; and c) dismissing defendant's verified answer, including the Counterclaim and Affirmative Defenses with prejudice.
Papers Considered NYSCEF DOC NO. 32-59
1. Notice of Motion/Affirmation of Steven E. Waldinger, Esq./Exhibits 1-4/Affidavit of plaintiff/Exhibits A-F/Memorandum of law
2. Affirmation in Opposition by Michael Fahey, Esq./ Exhibits A-I/Affidavit of [*2]defendant/Memorandum of Law in Opposition
3. Memorandum of Law in Reply
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff commenced this action by filing the summons with notice on May 11, 2022. Defendant joined issue with the filing of her answer with counterclaim on or about July 28, 2022. 
Plaintiff entered into a residential lease with defendant on November 11, 2020 to rent a property located in Bedford, New York for his family and two dogs. Plaintiff provided defendant with a security deposit in the amount of $12,950.00. The parties renewed the lease on August 31, 2021. The complaint states that defendant vacated the premises on or about March 30, 2022. At least one month prior to this date, plaintiff requested defendant inspect the property and conduct an exit walk through. Defendant did not perform the requested inspection. The complaint alleges that defendant failed to return plaintiff's security deposit or provide an itemized statement of any alleged damages within 14 days after defendant vacated the property and that these actions constitute a violation of the General Obligations Law. As a result, pursuant to General Obligations Law § 7-108 (1-a)(e), defendant has forfeited her right to the security deposit. Plaintiff is also seeking punitive damages in an amount up to twice the amount of the security deposit. 
Defendant's answer contains eight affirmative defenses, most of which are boilerplate defenses. In relevant part, in the seventh affirmative defense, defendant alleges that the action is barred by plaintiff's own breach of contract. The counterclaim alleges that plaintiff caused extensive damage to the premises beyond normal wear and tear. Specifically, defendant claims that plaintiff's dogs caused extensive damage such as urinating in the house and on the lawn and shrubs. Defendant provided plaintiff with an itemized statement of the alleged damages on April 29, 2022. The counterclaim alleges that the damages exceed $30,000. 
Defendant points to paragraph 38 of the lease agreement, which provides that tenant is solely responsible for any damage to the premises caused by the dogs. The provision states that tenant was to indemnify and hold the landlord free from any damage or expenses caused or related to the dogs, including attorneys' fees. The counterclaim also alleges that defendant is entitled to recover attorney's fees incurred in this proceeding pursuant to paragraph 26 of the Lease Agreement. Paragraph 26 addresses attorneys' fees with respect to a tenant default and attorneys' fees in connection with re-renting the premises. The language includes the following: "Tenant shall be responsible for Landlord's cost for repairs, decorations, broker's fees, attorney's fees, advertising and preparation for returning Premises to condition of Lease start date." 
Plaintiff is moving for summary judgment on the complaint in his favor and for dismissal of the affirmative defenses and counterclaim. Plaintiff submits an affidavit whereby he affirms that he requested defendant perform an inspection prior to when he vacated the property but that she refused to do so. He and his family vacated the property on March 30, 2022. Although he asked defendant again to perform the inspection and for his deposit, defendant did not respond to him until April 29, 2022, when plaintiff received a statement of damage allegedly caused by his dogs. Plaintiff testified that he "assumed that there was a process established in the law in which I would be given the initial opportunity to have an inspection, and that's what I tried to do initially. Of course, I tried do it. I give it a try, according to what is established in the law, to have a proper pre-exit inspection and discuss damages, which she refused. And then 30 days after we leave the house, she comes with all of these allegations in terms of damage that I don't [*3]agree with. So I did give it a try well before the end of the lease." Plaintiff testified that defendant's email regarding damages was filled with "lies and exaggerations." 
According to plaintiff, there are no issues of fact as to whether defendant complied with the statutory requirements of General Obligations Law § 7-108. It is undisputed that defendant failed to provide plaintiff with an opportunity to conduct a joint inspection of the property before he vacated and it is undisputed that defendant did not provide an itemized statement of damages to defendant within 14 days of him vacating the property. As a result, she is not permitted to retain the deposit. In addition, defendant is a landlord who is required to be aware of the provisions of the General Obligations Law. Plaintiff also notes that defendant is a licensed real estate broker. According to plaintiff, as defendant allegedly willfully violated the General Obligations Law, plaintiff is entitled to punitive damages in the amount of twice the security deposit. 
Plaintiff refutes the counterclaim and alleges that the attorneys' provision in paragraph 26 is not applicable, as it relates to a tenant's default, which is not what occurred here. With respect to the affirmative defense that plaintiff is barred by his own breach of contract, plaintiff argues that the provisions of the General Obligations Law take precedence over the terms of the lease. 
Defendant submits an affidavit and testimony in opposition. Defendant testified that, despite working in the real estate industry, she was unaware of the laws with respect to the notice and security deposit. She testified that she was following the terms of the lease, which granted her thirty days to provide an inspection and return the security deposit. She testified that she was out of town and that she could not perform the inspection.
Defendant alleges that plaintiff left damage beyond normal wear and tear. She inspected the property after defendant vacated and alleges that "[m]uch of the damage was hidden." Defendant states, among other things,
"(1) Plaintiff's dogs caused extensive damage to the Premises beyond compare by urinating and defecating all over the house interiors, laws, and shrubs, (ii) the repulsive stench of urine and actual urine and excrement stains on the kitchen floor caused sanitary health concerns, (iii) the floorboards were permeated with urine and are buckled and loosened from the subfloor and creak loudly in several places, (iv) the oriental rug under the kitchen table had to be thrown away as it was still damp with urine when it was removed v) there was a 4-inch gash on floorboard missing, (vi) Plaintiff shut off the electricity knowing it would disable the fire/security system, and shut off the well pump and refrigerator, (vii) Plaintiff removed the house router from the mudroom closet, (viii) the floor-length window treatments and furniture were soaked with dog urine and permanently damaged."

 DISCUSSION
 I. Summary Judgment 
"The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law." Dallas-Stephenson v Waisman, 39 AD3d 303, 306 (1st Dept 2007). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 (2013) (internal quotation marks and citation omitted). Upon proffer of evidence establishing a prima facie case by the movant, "the party opposing a motion for summary judgment bears the burden of produc[ing] evidentiary proof in admissible form sufficient to [*4]require a trial of material questions of fact." People v Grasso, 50 AD3d 535, 545 (1st Dept 2008) (internal quotation marks and citation omitted). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility." Ruiz v Griffin, 71 AD3d 1112, 1115 (2d Dept 2010) (internal quotation marks and citation omitted). 
"In general, a security deposit remains the property of the tenant and, upon the tenant's vacating the premises, must be returned to the tenant absent proof, for example, that the tenant caused damage beyond that attributable to ordinary wear and tear." Fallon v ERM Realty Servs., 2023 NY Slip Op 51243(U), *1-2 (App Term, 2d Dept 2023) (internal quotation marks and citation omitted).
General Obligations Law § 7-108, the security deposit statute, was amended in 2019 to add subdivision 1-a. As relevant here, General Obligations Law § 7-108 (1-a)(d) and (e) impose obligations on the landlord with respect to the tenant's right to inspection prior to vacancy and the tenant's security deposit. Courts have held that "[t]he Legislature's intent in adopting New York General Obligations Law § 7-108 (1-a) (e), was to provide tenants with specific knowledge if the landlord believed the rented property was damaged and whether the cost of those damages would be deducted from the security deposit." Kamfar v Fudge Green, LLC, 2021 NY Misc Lexis 48771, *4-5 (Sup Ct, NY County 2021). 
The relevant portions of the General Obligations Law § 7-108 (1-a) are set forth as follows:
"(b) The entire amount of the deposit or advance shall be refundable to the tenant upon the tenant's vacating of the premises except for an amount lawfully retained for the reasonable and itemized costs due to non-payment of rent, damage caused by the tenant beyond normal wear and tear, non-payment of utility charges payable directly to the landlord under the terms of the lease or tenancy, and moving and storage of the tenant's belongings. The landlord may not retain any amount of the deposit for costs relating to ordinary wear and tear of occupancy or damage caused by a prior tenant. "(d) Within a reasonable time after notification of either party's intention to terminate the tenancy, unless the tenant terminates the tenancy with less than two weeks' notice, the landlord shall notify the tenant in writing of the tenant's right to request an inspection before vacating the premises and of the tenant's right to be present at the inspection. If the tenant requests such an inspection, the inspection shall be made no earlier than two weeks and no later than one week before the end of the tenancy. The landlord shall provide at least forty-eight hours written notice of the date and time of the inspection. After the inspection, the landlord shall provide the tenant with an itemized statement specifying repairs or cleaning that are proposed to be the basis of any deductions from the tenant's deposit. The tenant shall have the opportunity to cure any such condition before the end of the tenancy. Any statement produced pursuant to this paragraph shall only be admissible in proceedings related to the return or amount of the security deposit.
"(e) Within fourteen days after tenant has vacated the premises, landlord shall provide tenant with an itemized statement indicating the basis for the amount of the deposit retained, if any, and shall return any remaining portion of the deposit to tenant. If a landlord fails to provide tenant with the statement and deposit within fourteen days, landlord shall forfeit any right to retain any portion of the deposit."
Here, plaintiff vacated the premises on March 30, 2022. Therefore, defendant was [*5]required to provide plaintiff with an itemized statement and any remaining portion of the deposit by April 13, 2022. It is undisputed that plaintiff requested defendant perform a joint inspection and walk through and that defendant refused to provide one. It is also undisputed that plaintiff vacated the premises on March 30, 2022. Therefore, defendant was required to provide plaintiff with an itemized statement and any remaining portion of the deposit by April 13, 2022. Defendant did not provide a statement until April 29, 2022. 
Although sections (d) and (e) collectively provide guidelines for a landlord to follow before a tenant's security deposit may be applied to alleged damages/repair, "by the plain terms of the statute only the obligations in subdivision (e) are subject to a penalty of forfeiture if they are not complied with. . . . The penalty of forfeiture is only mandated when landlord fails to provide an itemized statement of the repairs that it claims are required and justify retention of part or all of the security deposit." 14 East 4th Street Unit 509 LLC v Toporek, 203 AD3d 17, 26 (1st Dept 2022). Under the circumstances, defendant is not penalized for failing to perform an inspection. However, plaintiff has established, prima facie, that the security deposit is subject to forfeiture for defendant's failure to provide an itemized statement of the purported damages within 14 days, as required by law. Defendant fails to raise a triable issue of fact in opposition.
Accordingly, plaintiff is entitled to recover $12,950.00, the full amount of the security deposit, and is entitled to prejudgment interest on $12,950.00 "at the rate of 9% per annum the earliest ascertainable date that the cause of action existed—i.e., the date when claimant was entitled to the full amount of the deposit and could therefore sue defendant for not returning the deposit." Pickens v Lane, 2023 NY Misc Lexis 1979, *11 (Civ Ct, NY County 2023). 
Punitive Damages
General Obligations Law § 7-108(1-a)(g) provides, "[a]ny person who violates the provisions of this subdivision shall be liable for actual damages, provided a person found to have willfully violated this subdivision shall be liable for punitive damages of up to twice the amount of the deposit or advance."
Plaintiff argues that he should be entitled to punitive damages as defendant is a licensed real estate broker and should be familiar with her obligations as a landlord. Plaintiff also alleges that, although plaintiff specifically required a joint inspection so that, if warranted, plaintiff could cure any necessary conditions, defendant refused to do so. Nevertheless, plaintiff's request for punitive damages is denied. Defendant testified that she was unaware of the changes to the security deposit law and that she did, albeit late, provide plaintiff with an itemized statement. Under the circumstances, the Court finds that defendant did not willfully violate the statute.
Affirmative Defenses
Plaintiff is seeking dismissal of defendant's affirmative defenses. The seventh affirmative defense, alleging that plaintiff's claims are barred by its own breach of contract, is the only affirmative defense substantively disputed by defendant. Defendant claims that she had agreed to provide the security deposit back pursuant to the terms of the lease; i.e. if the Tenant fully complies with all the terms of this Lease, the security deposit would be returned within 30 days after the lease's term ends. General Obligations Law § 7-108(3) states that "[a]ny agreement by a lessee or tenant of a dwelling waiving or modifying his rights as set forth in this section shall be absolutely void." Therefore, the law is clear that a tenant cannot waive his right to receive an "itemized statement indicating the basis for the amount of the deposit retained," within 14 days after he vacates. Accordingly, plaintiff is granted summary judgment dismissing defendant's seventh affirmative defense, in addition to dismissal of the remaining inadequately [*6]pled affirmative defenses. See e.g. Fireman's Fund Ins. Co. v Farrell, 857 AD3d 721, 723 (2d Dept 2008) ("The Supreme Court properly granted those branches of the plaintiffs' cross motion which were to dismiss the remaining 11 affirmative defenses, which merely plead conclusions of law without any supporting facts").
Counterclaim
In the counterclaim, defendant is seeking costs incurred in repairing the damages allegedly caused by plaintiff. Plaintiff argues that he is entitled to dismissal of the counterclaim because defendant failed to comply with the security deposit provisions of the General Obligations Law. Plaintiff claims that the purpose of the amended statute is to provide tenants with an opportunity to cure any conditions before the end of the tenancy. Plaintiff, through his testimony, disputes the allegations of damages or repairs needed. 
In support of the counterclaim for property damage, defendant submits several pictures and written estimates from landscapers and other contractors. Despite the allegation that the dogs destroyed the yard and shrubs, it does not appear that any pictures from the yard were submitted. As a result, it is impossible to determine, on this record, whether the written estimates included repairs that were not due to the dogs' behavior. Further, the record indicates that, in February 2022, the parties had addressed an "unsafe" flower pot, and the need for repair. Therefore, credibility issues and questions of fact remain as to whether the alleged damage is more than ordinary wear and tear. It is well settled that "summary judgment is a drastic remedy which should only be granted if it is clear that no material issues of fact have been presented." Celardo v Bell, 222 AD2d 547, 548 (2d Dept 1995). Further, "[t]he function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist." Kolivas v Kirchoff, 14 AD3d 493, 493 (2d Dept 2005). Accordingly, plaintiff's motion for summary judgment on the counterclaim is denied.
As noted, according to plaintiff, since defendant failed to comply with the requirements of the statute she is precluded from pursuing a counterclaim for the security deposit. However, the Court finds that, even though defendant failed to comply with the statute, she is not completely precluded from maintaining a separate action against plaintiff for any alleged property damages. Although there is limited caselaw addressing this exact situation, other courts have found that the counterclaim for damages was dismissed because the landlord did not prove the damage was caused by the tenant, not because the landlord was precluded from pursuing a separate claim against the tenant. See e.g. Case v 575 Classon Ave., LLC, 2024 NY Misc Lexis 868, *4 (App Term, 2d Dept 2024) ("We need not decide here what effect a landlord's forfeiture of its 'right to retain any portion of the deposit' (General Obligations Law § 7-108 [1-a] [e]) might have on a landlord's counterclaim to recover for damage to an apartment, as the record supports the Civil Court's implicit finding, demonstrated by its dismissal of the counterclaim, that defendant did not prove that any damage to the premises was attributable to plaintiff").
This Court agrees that, even though defendant failed to comply with her obligations in General Obligations Law § 7-108 (1-a) (e), she is not completely precluded from maintaining a separate action against plaintiff for any alleged property damages. Thus, while, as a result of this decision, defendant must return the security deposit to plaintiff, together with interest and costs, defendant can still attempt to prove that plaintiff's damages were more than ordinary wear and tear. Nonetheless, it is landlord's burden to prove that damages caused by the tenant's occupancy rose to the level of extraordinary damage, in other words, "damage beyond that attributable to [*7]ordinary wear and tear." Wicklund v Mukhtyar, 2017 NY Slip Op 50789 (U), *2 (App Term, 2d Dept 2017). Further, "[w]here a landlord establishes that the tenant caused such damage, it is the landlord's further burden to establish the reasonable value of any of the repairs allegedly made to the premises." Gable v Cahill, 2020 NY Misc Lexis 6972, 82 (App Term, 2d Dept 2020) (internal quotation marks omitted).
As a result of this decision, at this time, the issue of recovery of attorneys' fees on the counterclaim, is premature. Further, there is no support in the record for defendant's claim for punitive damages, and this claim is denied. 
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.

CONCLUSION
Accordingly, it is hereby
ORDERED that the branch of plaintiff's motion for summary judgment on the complaint is GRANTED, and the plaintiff shall submit a judgment to the Westchester County Clerk in plaintiff's favor and against defendant in the principal amount of $12,950.00 with interest from April 13, 2022, and the remaining requested relief in the complaint is denied; and it is further
ORDERED that the branch of plaintiff's motion for summary judgment dismissing defendant's affirmative defenses is granted; and it is further
ORDERED that the branch of plaintiff's motion for summary judgment dismissing defendant's counterclaim is denied.
The parties are directed to appear for a virtual settlement conference on July 15, 2024 at 11:30 a.m. subject to confirmation by the virtual conference link emailed by this Court.
Dated: June 12, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.